Lin v. Barr

BIA
A078 286 967

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand nineteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

MIN FAN LIN, AKA MIN FANG LIN,
> *Petitioner,*

v.                                        18-1528
                                          NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Min Fan Lin, pro se, Columbus, OH.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Liza S. Murcia, Senior Litigation Counsel; Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Min Fan Lin, a native and citizen of the People's Republic of China, seeks review of an April 23, 2018, decision of the BIA, denying her motion to reopen. *In re Min Fan Lin,* No. A078 286 967 (B.I.A. Apr. 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In her motion to reopen, Lin asserted that conditions for Falun Gong practitioners had worsened in China, and that Chinese officials had discovered that she has been practicing Falun Gong in the United States and sending Falun Gong-related materials to China. She argued that these conditions excused the time and numerical limitations applicable to her motion and established her prima facie eligibility for asylum and related relief.

It is undisputed that Lin's 2017 motion was untimely and number-barred because it was her second motion and was filed

2

more than 13 years after her removal order became final in 2004. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is, however, an exception to the time and numerical limits if the movant seeks asylum and the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not err in finding that Lin failed to establish a material change in conditions in China.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, the evidence demonstrates that the Chinese government has continuously repressed and mistreated Falun Gong practitioners since at least 1999, well before Lin's 2003 hearing. *See In re S-Y-G-*, 24 I. & N. Dec. at 257

3

("Change that is incremental or incidental does not meet the regulatory requirements for late motions."). Further, the BIA did not err in declining to credit Lin's evidence that officials had detained her sister for practicing Falun Gong and in so doing had discovered Lin's Falun Gong activities. In addition to the agency's underlying determination that Lin was not credible, Lin's sister's unsworn statement was prepared for litigation by an interested witness, and her sister's detention certificate did not include an address of the detention facility, was unsigned, and was not authenticated in any manner. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (agency may decline to credit uncorroborated individualized evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding); *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decisions regarding the weight of evidence and finding no error in decision not to credit relative's letter from China because it was unsworn and from an interested witness).

Because the BIA reasonably concluded that Lin failed to demonstrate a material change in conditions in China, it did not abuse its discretion in denying her motion as untimely

4

and number-barred.  *See* 8 U.S.C. § 1229a(c)(7)(A), (C).  We do not reach the BIA's alternative basis for denying Lin's motion; i.e., her failure to establish her prima facie eligibility for relief.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court